UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| TONIA L. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV612-005 |
| | ) | |
| CHASE HOME FINANCE, | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC.; | ) | |
| CHASE MANHATTAN MORTGAGE | ) | |
| CORPORATION; and BARRETT | ) | |
| DAFFIN FRAPPIER LEVINE | ) | |
| & BLOCK, LLP, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

Proceeding *pro se*, Tonia L. Robinson filed what is, at bottom, a mortgage foreclosure jam-up case. Doc. 1-2 at 3-78. Defendant Barrett Daffin Frappier Levine & Block, LLP (hereafter, BD) moves, unopposed per Local Rule 7.5 (no response means no opposition), to dismiss it per Fed. R. Civ. P. 12(b)(6). Doc. 8. So do the remaining defendants. Doc. 5. As BD explains, Robinson defaulted on her home's mortgage and suffered foreclosure proceedings, then evidently downloaded off the internet a lengthy tirade-ridden, shotgun-pleading

complaint that, boiled down, states no claim and is advanced simply to try to forestall a lawful foreclosure.[1] Doc. 8-1 at 1-17. On top of that, plaintiff never did properly serve BD. *Id.* at 17-18. BD therefore seeks dismissal with prejudice. So do the remaining defendants in a similarly unopposed, well-supported dismissal motion showing that plaintiff has launched a shotgun complaint and fails to state the various lender liability claims set forth in her complaint. Doc. 5-1.

The defendants' motions to dismiss (docs. 5 & 8) are well supported, unopposed, and should be **GRANTED**.

**SO REPORTED AND RECOMMENDED** this 22nd day of March, 2012.

_/s/ M. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]  As an example, the Court has reviewed the complaint and agrees with BD's conclusion that it should be dismissed on deficient pleading grounds alone:

> A cursory review of Plaintiff's Complaint reveals this tell-tale lack of clarity. Plaintiff's Complaint includes 184 numbered paragraphs of allegations but dedicates the vast majority of those paragraphs to blaming various financial institutions for the current state of the housing market in the United States. (Compl. ¶¶ 16-18.) Plaintiff even blames those institutions for funding global terrorism. (Id. ¶ 33.) None of these allegations appear linked to any claim for relief, however, and clearly fail to give Defendants fair notice of her claims and the grounds upon which they rest.

Doc. 8-1 at 8.